IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ARTHUR BOYNE,

    Plaintiff,

vs.                              CASE NO. 2:12-cv-00346-UA-DNF

HOWMEDICA OSTEONICS CORP.
D/B/A STRYKER ORTHOPAEDICS,

    Defendant.
_____/

## **AMENDED COMPLAINT**

COMES NOW ARTHUR BOYNE, Plaintiff herein, complaining of HOWMEDICA OSTEONICS CORP. DB/A STRYKER ORTHOPAEDICS ("Defendant" herein), and for cause of action says:

### **Parties**

1. Plaintiff Arthur Boyne (hereinafter "Plaintiff") is a resident of Doral, Florida.

2. Defendant Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics (hereinafter "Defendant Stryker Orthopaedics") is a foreign corporation organized under the laws of New Jersey with its principal place of business located in New Jersey. Said Defendant is authorized to conduct business in the State of Florida and may be served with process by serving its registered agent, CT Corporation System, Plantation, Florida 33324.

### **Jurisdiction**

3. This Court possesses Federal Diversity Jurisdiction under 28 U.S.C. § 1332(a)

because the matter in controversy:

    (a) exceeds the sum or value of $75,000.00, exclusive of interest and costs; and

    (b) is between citizens of different states.

4. Defendant maintain sufficient minimum contacts with the State of Florida such that the exercise of jurisdiction by courts of Florida would not offend traditional notions of fair play and substantial justice. Thus, Florida courts possess general jurisdiction. Further, the events giving rise to Plaintiff's claim occurred in Florida. Thus, Florida courts possess specific jurisdiction over Plaintiff's claims.

## Venue

5. This Court possesses venue of this civil action under 28 U.S.C. § 1391(a) because:

    (a) jurisdiction of this civil action is founded only on diversity of jurisdiction; and;

    (b) is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## Statement of Facts Applicable to All Counts

6. Plaintiff hereby adopts by reference each and every Paragraph of the Parties, Jurisdiction and Venue sections of this Complaint as if fully copied and set forth at length herein.

7. On or about June 17, 2008, Plaintiff received a LEFT hip prosthesis. Plaintiff believes that such surgery occurred at Larkin Community Hospital in Miami, Florida. Plaintiff believes that the type of implant he received was designed manufactured and marketed by Stryker. Plaintiff believes that he received a Stryker Trident PSL

Acetabulum.

8. Plaintiff first encountered problems with his implant on or about July 10, 2008 and experienced a left hip wound abscess associated with infection which was secondary to bleeding which interfered with proper healing.

9. On or about July 11, 2008, Plaintiff required LEFT hip surgical wound revision with debridement.

10. On or about October 23, 2008, Plaintiff received a RIGHT hip prosthesis. Plaintiff believes that such surgery occurred at Larkin Community Hospital in Miami, Florida. Plaintiff believes that the type of implant he received was designed manufactured and marketed by Stryker. Plaintiff believes that he received a Stryker Trident X3 Acetabulum.

11. On or about February 27, 2009, Plaintiff was experiencing pelvic and LEFT hip pain and was walking with a cane.

12. On or about May 22, 2009, Plaintiff was continuing to experience pain and had difficulty walking with a cane.

13. On or about February 9, 2010 Plaintiff was experiencing extreme hip pain and had to use a wheelchair.

14. By March 24, 2010 Plaintiff was using the wheelchair and was unable to bear any weight on his LEFT hip. An examination found that his LEFT hip was slightly protruding into his pelvis and his RIGHT hip was migrating.

15. On or about April 19, 2010, Plaintiff was experiencing LEFT hip pain and CT images showed the LEFT hip prosthesis appeared to be loosening, the superior screw was broken and the medial screw was loose.

16. On or about August 28, 2010, Plaintiff underwent a LEFT hip replacement surgery at Kendall Medical Center in Miami, Florida. Plaintiff believes that he received a Stryker Acetabulum.

17. On or about March 29, 2011 CT images showed that the LEFT hip prosthesis and RIGHT hip prosthesis were loosening.

18. On or about June 14, 2011, Orthopedist Dr. Rodriguez recommended a second revision of the LEFT hip because the hip is loose and must be corrected in order for Mr. Boyne to walk properly and to eliminate knee and hip pain.

19. On or about December 9, 2011, CT images showed Mr. Boyne has a fracture of left femur. Mr. Boyne cannot walk at all is waiting on a second LEFT hip revision.

## COUNT ONE
### (Strict Product Liability)

20. Plaintiff hereby adopts and realleges each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

21. Defendant is in the business of designing, testing, manufacturing, marketing, selling, and distributing, or one or more of them, orthopedic prostheses, including the hip prosthesis implanted in Plaintiff.

22. Defendant's hip prostheses were intended to, and did, reach consumers without substantial change in the condition in which they were sold. Defendant's hip prosthesis implanted into Plaintiff reached Plaintiff without substantial change in the condition in which Defendant sold it.

23. Defendant designed, tested, manufactured, marketed, sold and distributed, or any of them, Plaintiff's hip prosthesis in a defective and unreasonably dangerous

4

condition.

24. Plaintiff's hip prosthesis was defective in one or more of the following particulars, among others;

(a) the hip prosthesis contained unsafe manufacturing residuals and/or bacteria;

(b) the hip prosthesis was not sterile;

(c) the hip prosthesis is defective in that it has a high propensity for delamination of the plasma sprayed coating to occur;

(d) the hip prosthesis is defective in that it has a high propensity of poor bone fixation to occur;

(e) the hip prosthesis is defective in that it has a high propensity for wear and fracture of the prosthesis to occur;

(f) the hip prosthesis was marketed in such a way as to mislead consumers regarding its safety and efficacy;

(g) the hip prosthesis was manufactured without adequate quality controls; and

(h) the hip prosthesis was inadequately tested to determine the cause of the high incidence of failures despite having received significant reporting of adverse events.

25. The aforesaid defects rendered the hip prosthesis implanted in Plaintiff unreasonable dangerous and defective.

26. Defendant's defective hip prosthesis was a cause in fact of, Plaintiff suffering serious and permanent injuries, as set out more particularly below.

## COUNT TWO
### (Negligence/Wantoness)

27. Plaintiff hereby adopts and realleges each and every Paragraph of the

Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

28. Plaintiff hereby adopts and realleges each and every Paragraph of Count One of this Complaint as if fully copied and set forth at length herein.

29. Defendant was negligent and wanton in the design, manufacture, marketing, testing, distribution, and sale of the Trident Acetabular Hip Prosthesis which is the subject matter of this lawsuit.

30. Defendant was negligent and wanton in one or more of the following acts and/or omissions, among others:

   (a) placing a hip prosthesis into the stream of commerce that contained unsafe manufacturing residuals and/or bacteria;

   (b) manufacturing a hip prosthesis that contained unsafe manufacturing residuals and/or bacteria;

   (c) placing a hip prosthesis into the stream of commerce that was not sterile;

   (d) manufacturing a hip prosthesis that was not sterile;

   (e) designing, manufacturing and marketing a hip prosthesis that is defective in that it has a high propensity for delamination of the plasma sprayed coating to occur;

   (f) designing, manufacturing and marketing a hip prosthesis that is defective in that it has a high propensity of poor bone fixation to occur;

   (g) designing, manufacturing and marketing a hip prosthesis that is defective in that it has a high propensity for wear and fracture of the prosthesis to occur;

   (h) marketing a hip prosthesis in such a way as to mislead consumers regarding

6

      its safety and efficacy;

(i) manufacturing a hip prosthesis without adequate quality controls; and

(j) failing to adequately test the hip prosthesis to determine the cause of the high incidence of failures despite having received significant reporting of adverse events.

31. As a direct and proximate result of Defendant's negligence, more particularly set forth above, Plaintiff was seriously and permanently injured as set out with more particularly below.

## DAMAGES APPLICABLE TO ALL COUNTS

32. Plaintiff hereby adopts and realleges each and every Paragraph of the Statement of Facts Applicable to all Counts of this Complaint *as* if fully copied and set forth at length herein.

33. Plaintiff hereby adopts and realleges each and every Paragraph of all Counts of this Complaint as if fully copied and set forth at length herein.

34. As direct, proximate, or both, result of Defendant's negligence, the defective hip prosthesis, the implantation of the defective hip prosthesis, or any of them Plaintiff suffered, and in reasonable probability, will continue to suffer, serious and permanent injuries which will affect him for the rest of his life. These injuries include, but are not limited to, pain, medical treatment and expenses, a revision surgery, lost earnings, loss of earning capacity, mental anguish, impairment, disfigurement and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory damages as a jury may award, a separate amount of punitive damages,

and his costs of this action.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues of this cause.

36. Plaintiff requests that the Defendant be served by certified mail, return receipt requested, listed below (in addition to requesting Defendant to execute and return a Waiver of Service of Summons in accordance with the procedure set forth in the Federal Rules of Civil Procedure).

Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics
325 Corporate Drive
Mahwah, NJ 07430
    Care of Registered Agent:
    CT Corporation System
    Plantation, Florida 33324

Respectfully submitted this 15th day of August 2012.

                BERKE LAW FIRM, P.A.

By:    */s/ Bill B. Berke*
         Bill B. Berke, Esq.
         Florida Bar No. 0558011
         berkelaw@yahoo.com
         1003 Del Prado Blvd., Ste. 300
         Cape Coral, FL 33990
         Telephone: (239) 549-6689
         Facsimile: (239) 549-3331
         *Attorney for Plaintiff*